**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **James E. Fenstad,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **Civil Action No. 3:06-cv-24** |
| | ) | |
| **JoAnne B. Barnhart,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

### SUMMARY OF DECISION

Because there is substantial evidence in the record as a whole supporting the

Commissioner's final decision the Defendant's Motion for Summary Judgment is GRANTED

and the Plaintiff's Motion for Summary Judgment is DENIED.

### STATEMENT OF THE CASE

This a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*  wherein

James Fenstad, the claimant herein, seeks review of the final determination of the Commissioner of

Social Security finding that he was not entitled to a disability insurance benefits.  Mr. Fenstad filed

an application for disability insurance benefits under Title II of the Social Security Act, 42

U.S.C. § 401 *et seq.* on September 19, 2003. (Certified Transcript, 77-9)(hereafter "Tr.").  His

application was denied initially.  (Tr. 56-59).  He sought a reconsideration in a timely fashion.

1

(Tr. 60). The claim was again denied on reconsideration. (Tr. 62). The claimant made a timely request for a hearing before an Administrative Law Judge (ALJ). (Tr. 65). ALJ Donald Holloway convened a hearing *de novo* on the claimant's application on November 16, 2004. (Tr. 351). Testifying at the hearing were Mr. Fenstad, David Perry, Ph.D. who is a vocational expert (VE) and Mark J. Hanlon, Ph.D., who is a licensed clinical psychologist.[1] <u>Id</u>. ALJ Holloway issued a decision on June 21, 2005, finding that Mr. Fenstad was not disabled within the meaning of the Act. (Tr. 28-42).

Fenstad made another timely request for reconsideration before the Appeals Council and presented some additional evidence for consideration, consisting primarily of a letter and progress notes from James Togas, MSW, a counselor who works with Mr. Fenstad on his post-traumatic stress disorder issues and who presides over the PTSD group that Mr. Fenstad regularly attends. (Tr. 11-19). The Appeals Council denied the Plaintiff's request for review on December 21, 2005, finding that there was no basis for reviewing the ALJ's determination under the rules for review of such decisions. (Tr. 6). Under the rules of the Social Security Administration, the decision of the ALJ therefore became the final decision of the Commissioner. <u>Id</u>.

Mr. Fenstad sought judicial review fo the Commissioner's decision in a Complaint filed on February 17, 2006. Review is sought under section 205(g) of the Act, 42 U.S.C. § 405(g). <u>James E. Fenstad v. JoAnne J. Barnhart</u>, Clerk's Docket # 1. The Commissioner filed an Answer on April 26, 2006. <u>Id</u>. at Clerk's Docket # 4. Mr. Fenstad moved for Summary Judgment or in

---

[1]Dr. Hanlon is described by ALJ Holloway as a "clinical psychologist" in his opinion, which appears to be substantiated by Hanlon's *curriculum vitae*, thus, the reference to Dr. Hanlon as an "M.D." in the transcript appears to be a transcriptionist error.

the Alternative Motion for Remand on June 26, 2006. Id. at Clerk's Docket #9. The

Commissioner cross-filed for Summary Judgment on July 19, 2006. Id. at Clerk's Docket #16.

Mr. Fenstad filed a Reply Brief on August 3, 2006. Id. at Clerk's Docket #17.

James Fenstad was born on April 30, 1948. He was 54 years old at the time of the onset

of the claimed disability and 57 years old at the time of the decision of ALJ Holloway. (Tr. 77).

He served for approximately 10 months as a Green Beret in Vietnam during 1969-70. (Tr. 228).

His service ended with a suicide attempt.(Tr. 157). Mr. Fenstad spent the next 6 months in a

psychiatric ward and was eventually discharged from the military honorably with a notation that

he was not fit to return to duty. (Tr. 228).

After Fenstad left the service he had a number of problems including: (1) abuse of

alcohol issues; (2) struggles with self-esteem and shame; (3) difficulty trusting himself and

others; and (4) a wide range of symptoms related to PTSD (including such things as difficulty

sleeping, flashbacks, hyper-vigilence, and an excessive startle response). Id.

Mr. Fenstad has a four year degree in psychology and criminal justice that he acquired in

1980. (Tr. 353). The relevant prior work history includes 31 years as a Master Equipment

Operator for the North Dakota Department of Transportation. Mr. Fenstad worked for the

NDDOT between March of 1971 and March of 2002.(Tr. 104). He also has worked as a driver

of a pizza delivery truck, usually delivering pizzas to fund-raising events. (Tr. 104, 359-60). He

worked at this job part time between January, 2002 and November, 2002. (Tr. 147).

Mr. Fenstad asserts that his disability began on April 2, 2002, when he retired from the

N.D. Department of Transportation because he was having bouts of anger, difficulty maintaining

friendships, couldn't perform his past work and because he had concerns about his ability to

refrain from injuring himself or others.  (Tr. 354).

ALJ Holloway concluded that the claimant had not engaged in substantial gainful activity after April 10, 2002[2].  The claimant asserts that his disability is the result of a confluence of a number of ailments, including: Post Traumatic Stress Disorder; major depressive disorder which is in partial remission; mild degenerative changes of the cervical spine with accompanying pain; sleep apnea; and a history of atrial fibrillation.  (Tr. 41).

## DISCUSSION

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of the "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205.

The standard of review applied to determinations of the Commissioner is deferential, and the Commissioner's findings are to be affirmed if supported by substantial evidence in the record as a whole.  Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003).  Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  Sultan v. Barnhart, 368 F. 3d 857, 862 (8th Cir. 2004).  In order to determine whether evidence is substantial, the court considers "evidence that detracts from the commissioner's decision as well as the evidence that supports it."  Id. at 863.  The Commissioner's decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary

---

[2]ALJ Holloway's discussion in the body of his opinion seemed to indicate that he believed that the onset of the disability, if any would have been December 1, 2002, although he later specifically found that the date of onset was April 10, 2002.  In light of his conclusion and the conclusion of the Court this discrepancy is *de minimus* and need not be resolved.

outcome.  Id.   If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed.  Dixon v. Barnard, 353 F.3d 6602, 605 (8th Cir. 2003).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  If the claimant succeeds, the burden of persuasion shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful employment in the national economy.  Clark v. Halala, 28 F.3d 828, 830 (8th Cir. 1994).

The claim is analyzed pursuant to a five part test: (1) is the claimant currently engaged in substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the impairment meet or equal an impairment listed at 20 C.F.R. pt. 404, Subprt. P, app. 1? (If so, disability is automatic); (4) Does the impairment prevent the claimant from doing past relevant work?  And (5) Does the impairment prevent the claimant from performing any other work that exists in the regional or national economy in significant numbers.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See, 20 C.F.R. §404.1520 (2002).  When a determination that an individual is not disabled is made at any step, evaluation under a subsequent step is unnecessary.  See, Bartlett v. Heckler, 777 F.2d 1318, 1319 (8th Cir. 1985).  At the final stage only is it permitted to consider the claimant's age, education and work experience in light of his or her residual functional capacity.  McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520 (2002).

At the first step, ALJ Holloway determined that the onset of disability, if any was April,

5

2002. (Tr. 31). At the second and third step Judge Holloway concluded that the both the affective and anxiety disorders constituted severe impairments that did not meet or equal any listed impairment. (Tr. 32-33). He then went on to conclude that Mr. Fenstad's residual functional capacity would allow him to perform his past work as an equipment operator and as a truck driver when the work conditions did not involve a high level of concentration and did not require "more than brief, superficial contact with co-workers and the general public." (Tr. 41). Because such jobs exist in the national economy the ALJ concluded that Mr. Fenstad is not disabled within the meaning of the Act. Id.

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing, and the additional medical and documentary evidence. It is worthy of note that the standard of review is deferential and that it is not proper for the Court to substitute it's own notions of the evidence and it's import so long as there is substantial evidence in support of the Commissioner's findings in the record as a whole. Dixon v. Barnard, 353 F.3d 602, 604 (8th Cir. 2003). [3] As a result of the Court's review, the Court concludes that the there is substantial evidence in the record as a whole to support the ALJ's decision.

Mr. Fenstad has asserted that the ALJ's decision is suspect because there was additional evidence was submitted after the hearing which would have changed the ALJ's opinion. The

---

[3]Mr. Fenstad asserts that the testimony of Ms. Brownshield was improperly discounted by ALJ Holloway. The Commissioner makes much of the fact that Ms. Brownshield is not a "medical opinion" as she is not a physician but a nurse practitioner employed by the VA. Frankly, the Court finds this distinction to be a red herring. The claimant is treated in the VA system which makes frequent use of nurse practitioners to prepare reports. To penalize a veteran under these circumstances is inappropriate. The truth is, however, that the ALJ considered the testimony and rejected it as being less reliable than other evidence before him. In part this is based on the fact that the opinions related as much to an interpretation of the regulations relating to disability as they did to any actual assessments of physical and mental capacity. When opinions are offered as to the ultimate legal issue they are entitled to less weight than opinions on the underlying medical facts. Although the Court would likely have reached a different result on this weighing and analysis than ALJ Holloway did, it cannot state that the decision reached is unsupported by substantial evidence.

evidence consists of progress notes prepared by James Togas, MSW who is the facilitator of Mr.

Fenstad's PTSD support group.  The notes, while illuminating on various issues, are not of such a

substantial import that they appear to change the ultimate weighing of the evidence.  It is unlikely in

the Court's opinion that any further consideration of this evidence by ALJ Holloway would yield a

different result.  Under these circumstances the Commissioner's opinion is supported by substantial

evidence in the record.

**IT IS HEREBY ORDERED** that the Plaintiff's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment is

**GRANTED.**

Dated this 14th day of February, 2007, at Fargo, North Dakota.

*/s/ Ralph R. Erickson*

_____

RALPH R. ERICKSON, JUDGE
UNITED STATES DISTRICT COURT